```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

In re                               :    Chapter 11

WANDA DIAFERIA,                     :    Case No. 19-23587 (RDD)

                Debtor.             :

-----------------------------------x
```

## UNITED STATES TRUSTEE'S LIMITED OBJECTION
## TO THE APPLICATION TO RETAIN
## TIRELLI LAW GROUP LLC AS DEBTOR'S COUNSEL

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

The United States Trustee for the Southern District of New York (the "United States Trustee") respectfully submits this limited objection to the application to retain Tirelli Law Group LLC (the "Firm") as debtor's counsel (ECF Nos. 6, 10) (the "Application"). In support thereof, the United States Trustee represents and alleges as follows:

### Background

1. The debtor, Wanda Diaferia (the "Debtor"), filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on September 5, 2019 (ECF No. 1).

2. On September 6, 2019, an Application was filed to retain the Firm as Debtor's counsel (ECF No. 6). Among other things, the Application was not supported by a Rule 2014(a) statement signed by the Debtor. This Office provided comments

to the Firm requesting a Rule 2014(a) statement and other information, as described below.

      3.    On September 10, 2019, the Firm filed a further affidavit in support of the Application (ECF No. 10) (the "Supplement"), disclosing for the first time that a retainer would be paid by a third party (id. ¶ 13).  No Lar Dan affidavit was filed with the Supplement.  See In re Lar Dan Enterprises, Inc., 221 B.R. 93 (Bankr. S.D.N.Y. 1998).  This Office requested the filing of a Lar Dan affidavit and other information.

## Objection

Since September 9, 2019, this Office has attempted to resolve the following concerns with the Firm concerning its retention application:

- The filing of a Rule 2014(a) statement inasmuch as a retention application "shall be made only on application of the trustee or committee."  Fed. R. Bankr. P. 2014(a).

- Further information as to when the $12,000.00 retainer was paid and how much remained (ECF No. 6-2, pg 3 of 3).  See In re Pillowtex, Inc., 304 F.3d. 246 (3d Cir. 2002).

- Clarification of the difference in duties and rates of paralegals and legal assistants, described as $200.00/hour for paralegals in the Application with no rate for legal assistants (ECF No. 6-2, pg 3 of 3) and $200.00/hour for paralegals and $150.00 for legal assistants in the retainer

agreement (ECF No. 6-3, pg 1 of 4).

On October 10, 2019, the Firm filed its Supplement (ECF No. 10) which still omitted a Rule 2014(a) statement, Pillowtex disclosure and clarification of the paralegal/legal assistant issue.  Moreover, the Supplement disclosed for the first time that the Debtor's former spouse paid the $12,000.00 retainer (ECF No. 10 ¶ 13), but omitted a Lar Dan affidavit.  Lar Dan, 221 B.R. at 96.  Such an affidavit is required to demonstrate that the Firm does not have an impermissible conflict of interest.  See id. (In addition, the Supplement made various references to "Tirelli and Wallshein" and "TW" which references are unexplained (ECF No. 10 ¶¶ 15, 9)).

This Office has diligently tried to resolve all issues with the Firm since it filed the original Application.  In light of the Firm's failure to respond to this Office's concerns -- over a five-week period, multiple phone calls have not been returned and e-mails have been ignored -- this Office objects to any application on a nunc pro tunc basis.  In re Keren Ltd. P'ship, 189 F.3d 86, 87 (2d Cir. 1999) ("Nunc pro tunc approval should only be granted in narrow situations and requires that (i) if the application had been timely, the court would have authorized the appointment, and (ii) the delay in seeking court approval resulted from extraordinary circumstances.").

WHEREFORE, the United States Trustee respectfully requests that the Court sustain this Objection and grant such other and further relief as may be deemed just and proper.

Dated:    New York, New York
          October 17, 2019

                      Respectfully submitted,

                      WILLIAM K. HARRINGTON
                      UNITED STATES TRUSTEE

                By: */s/ Serene K. Nakano*
                    SERENE K. NAKANO
                    Trial Attorney
                    U.S. Federal Office Building
                    201 Varick Street, Rm 1006
                    New York, New York 10014
                    (212) 510-0505